IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 23, 2024

## HECTOR WILLIAM ZARATE CAPRIEL v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamblen County**
**No. 23CR75     Alex Pearson, Judge**

_____

### No. E2023-00892-CCA-R3-PC

_____

The petitioner, Hector William Zarate Capriel, appeals the denial of his petition for post-conviction relief, which petition challenged his guilty-pleaded conviction of misdemeanor child abuse, alleging that he was deprived of the effective assistance of counsel. Discerning no error, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR. and TOM GREENHOLTZ, JJ., joined.

Rodolfo Cortes, Knoxville, Tennessee, for the appellant, Hector William Zarate Capriel.

Jonathan Skrmetti, Attorney General and Reporter; Garrett D. Ward, Senior Assistant Attorney General; Dan E. Armstrong, District Attorney General; and Dustin Click, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner was charged with one count of aggravated child abuse.[1] On March 7, 2022, the petitioner waived his right to a preliminary hearing and pleaded guilty in the General Sessions Court of Hamblen County to one count of misdemeanor child abuse, and the trial court sentenced him to 11 months and 29 days suspended to supervised probation.

With the assistance of counsel, the petitioner filed a timely post-conviction petition, alleging that his guilty plea was not knowing and voluntary because trial counsel

---

[1]     The circumstances giving rise to the charge are not provided in the record.

failed to advise him that his conviction would make him inadmissible under immigration law.

At the May 2023 evidentiary hearing, the petitioner testified that he was an undocumented immigrant in the United States but that he was married to a United States citizen. He said that he met with trial counsel only once, for five minutes prior to his court appearance, before entering his guilty plea. He said that trial counsel did not discuss the immigration consequences of his guilty plea, including that he would be inadmissible under immigration law if he pleaded guilty to misdemeanor child abuse. He said that he would not have pleaded guilty had he known that he would be inadmissible. He said that he was not being detained on an Immigration and Customs Enforcement hold and was not in deportation proceedings.

During cross-examination, the petitioner acknowledged that he was originally charged with aggravated child abuse. He said that trial counsel explained to him that aggravated child abuse was a felony charge and acknowledged that counsel explained to him the sentencing exposure he faced for a conviction of aggravated child abuse. He also acknowledged that counsel negotiated a plea agreement in which the petitioner could plead guilty to misdemeanor child abuse. He denied that trial counsel advised him to seek the advice of an immigration attorney.

During redirect examination, the petitioner said that he successfully completed his probationary sentence and all the behavioral classes required of him.

Upon questioning by the court, the petitioner acknowledged that he signed the guilty plea form. He said that he could not read English and that, although he was provided an interpreter during the trial proceedings, no one read the part of the plea form to him that said, "[T]his conviction may affect my ability to stay in the United States or any chances of obtaining legal status in the future." He told the court that he "[m]aybe" would not have pleaded guilty if he had known the immigration consequences of his conviction but emphasized that his priority at the time of his guilty plea was to return to his family. When the post-conviction court asked what relief he was seeking, the petitioner said, "What I would like is if they can put lesser charges, not that they take away entirely the charges, but that they put lesser charges so that I can process my paperwork so that I can help myself and my kids for the future."

Trial counsel testified that it was his practice to "always try to alert my Hispanic clients that any kind of plea or any kind of charge they have on their record could affect their immigration status." He said that he did not tell the petitioner that his guilty plea "would for sure affect his immigration status, but typically what I do is tell them that

this could have an effect, I suggest you contact an immigration attorney." He said that he did not have a specific recollection of the conversation with the petitioner but said, "I do know that I had one phone interview with him with [a translator] early on. Then I had an interview with him on the court date with the clerk translator." He reiterated that his practice was to tell clients that "this could have an effect on your immigration status."

During cross examination, trial counsel testified that the petitioner did not ask him to reach out to an immigration attorney on his behalf or to request a continuance to allow him time to consult an immigration attorney. He said that a court interpreter reviewed the plea form with the petitioner and that "they seem to be very thorough in going over each and every line item."

Exhibited to trial counsel's testimony was an affidavit of trial counsel that stated he did not tell the petitioner that a conviction for misdemeanor child abuse "would specifically make him inadmissible under immigration law" but that he "did explain to [the petitioner] that any criminal conviction would have an impact on his immigration status and that he would be well served to check with an immigration attorney."

At the close of the hearing, the post-conviction court made oral findings and conclusions and memorialized those in a written order denying post-conviction relief. The court found that the petitioner failed to establish that trial counsel performed deficiently or that he was prejudiced by counsel's actions. The court accredited trial counsel's testimony that he advised the petitioner that his guilty plea could affect his immigration status and that he should consult an immigration attorney. The court also found that the plea form signed by the petitioner provided the following statement, "If I'm an immigrant, this conviction may affect my ability to stay in the United States or any chances of obtaining legal status in the future." The court found the petitioner incredible as to his statement that he would not have taken the plea agreement had he known the immigration consequences of the conviction. The court found that the petitioner was an undocumented alien "and is deportable for that reason alone" and that he "cannot demonstrate that his deportability status was a consequence of his guilty plea."

In this timely appeal, the petitioner reasserts his argument that trial counsel performed deficiently by failing to advise him that his guilty-pleaded conviction would render him inadmissible under immigration law. The State argues that the post-conviction court did not err by denying relief. We agree with the State.

We view the petitioner's claim with a few well-settled principles in mind. Post-conviction relief is available only "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the

-3-

Constitution of the United States." T.C.A. § 40-30-103. A post-conviction petitioner bears the burden of proving his or her factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f). On appeal, the appellate court accords to the post-conviction court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast, the post-conviction court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

Before a petitioner will be granted post-conviction relief based upon a claim of ineffective assistance of counsel, the record must affirmatively establish, via facts clearly and convincingly established by the petitioner, that "the advice given, or the services rendered by the attorney, are [not] within the range of competence demanded of attorneys in criminal cases," *see Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), and that counsel's deficient performance "actually had an adverse effect on the defense," *Strickland v. Washington*, 466 U.S. 668, 693 (1984). In other words, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Should the petitioner fail to establish either deficient performance or prejudice, he is not entitled to relief. *Id.* at 697; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

When considering a claim of ineffective assistance of counsel, a reviewing court "begins with the strong presumption that counsel provided adequate assistance and used reasonable professional judgment to make all significant decisions," *Kendrick v. State*, 454 S.W.3d 450, 458 (Tenn. 2015) (citation omitted), and "[t]he petitioner bears the burden of overcoming this presumption," *id.* (citations omitted). We will not grant the petitioner the benefit of hindsight, second-guess a reasonably based trial strategy, or provide relief on the basis of a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

We first note that the post-conviction court found that the petitioner was deportable based on his undocumented status and not because of his conviction; however, the petitioner argued that his conviction rendered him *inadmissible* not deportable. In other words, the petitioner argues that because of his conviction, he is no longer eligible to seek

legal residency. Despite this confusion by the post-conviction court, the petitioner is not entitled to relief.

In *Padilla v. Kentucky*, the Supreme Court ruled that counsel performs deficiently by giving a criminal defendant incorrect advice regarding the immigration consequences of a criminal conviction or by failing to advise the defendant of the immigration consequences when the "consequence is truly clear." *Padilla v. Kentucky*, 559 U.S. 356, 369 (2010). However, when the effect of a criminal conviction on immigration proceedings "is not succinct and straightforward . . . , a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id.* The Immigration and Nationality Act ("INA") provides that, with limited exceptions, "any alien convicted of . . . a crime involving moral turpitude . . . is inadmissible," rendering him "ineligible to receive visas and ineligible to be admitted to the United States." 8 U.S.C. § 1182(a)(2)(A). As our supreme court has previously noted, "a crime involving moral turpitude is nowhere defined in the [INA] or in the Code of Federal Regulations." *Garcia v. State*, 425 S.W.3d 248, 260 (Tenn. 2013).

The post-conviction court accredited trial counsel's testimony that he advised the petitioner that his guilty plea could affect his immigration status and that he should consult an immigration attorney. Because the law is not immediately clear whether a Tennessee conviction for misdemeanor child abuse renders the petitioner inadmissible and because the petitioner's admissibility under immigration law "turn[s] upon an interpretation of a provision of the [INA] broadly classifying crimes," *Garcia*, 425 S.W.3d at 261, trial counsel "fulfilled [his] obligation by advising the petitioner that the guilty plea 'may carry a risk of adverse immigration consequences.'" *Id.* (quoting *Padilla*, 559 U.S. at 369). Moreover, the post-conviction court explicitly discredited the petitioner's testimony that he would have rejected the plea agreement had he known the immigration consequences of his conviction; consequently, the petitioner has not established that he was prejudiced by counsel's conduct.

Accordingly, the judgment of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

-5-